UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

LORI HOLMES,

      Plaintiff,

v.                                                                         Case No. 17-2318

BOARD OF EDUCATION OF SCHOOL
DISTRICT #111, an Illinois Public
School District,

      Defendant.

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Board of Education of School District #111's ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (#17) and Plaintiff's Motion for Entry of Protective Order (#21). Plaintiff Lori Holmes ("Plaintiff") filed a Response (#19) in opposition to the Motion to Dismiss, and Defendant filed a Response (#22) in opposition to the Motion for Protective Order.

For the reasons stated below, the Court recommends that Defendant's Motion to Dismiss (#17) be DENIED and that Plaintiff's counsel be sanctioned in the amount of $1,000 pursuant to Federal Rule of Civil Procedure 16(f) for her failure to follow the Court's discovery schedule and for her failure to adequately meet and confer pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Plaintiff's Motion for Entry of Protective Order (#21) is GRANTED.

I.    Background

On December 12, 2017, Plaintiff filed her Complaint (#1), alleging Defendants violated various aspects of the Civil Rights Act of 1964 ("Title VII"), as well as the Illinois Human Rights Act.[1] On May 23, 2018, the Court entered a Rule 16 Scheduling Order

---

[1] The Court notes that this is the second time Plaintiff has brought this action in this Court. *See* 17-cv-2144. While the Court, in dismissing Plaintiff's prior Complaint, noted that Plaintiff failed to respond to

(#14). The Court's Scheduling Order required all written discovery to be served on opposing counsel by June 15, 2018. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), responses to written discovery were due on July 16, 2018.

Defendant, in its Motion (#17), represents that it responded to Plaintiff's written discovery requests by the July 16, 2018, date. According to Defendant, Plaintiff did not serve responses to Defendant's written discovery by the July 16, 2018, due date.

On August 7, 2018, the Court held a routine status conference. During this call, Plaintiff's counsel noted that she had "overdue discovery responses" and requested that the Court allow her "another week" to submit the responses. Defense counsel noted that while she still wanted Plaintiff's responses, she believed that, at this point, Plaintiff had waived all objections to Defendant's discovery requests. The Court instructed Plaintiff to provide discovery responses as soon as possible.

On September 26, 2018, a month after the call, defense counsel sent an e-mail to Plaintiff's counsel, asking about the status of Plaintiff's discovery responses. *See* Exhibit 4, d/e #17-1. According to Defendant, Plaintiff failed to respond to this e-mail.

On November 8, 2018, defense counsel sent a letter to Plaintiff's counsel seeking discovery compliance. *See* Exhibit 5, d/e #17-1. This letter stated that if responses were not received by December 12, 2018, Defendant would seek sanctions, including filing a motion to dismiss for failure to prosecute. According to Defendant, Plaintiff's counsel did not respond to this letter.

The Court held another status conference on November 13, 2018. During this call, Plaintiff stated that "apologetically and regrettably, I have made no progress; I still owe the Defendant written discovery responses." The Court ordered Plaintiff's counsel to respond to discovery by November 20, 2018. *See* November 13, 2018, Text Order.

On November 19, 2018, Plaintiff's counsel sent an e-mail to defense counsel noting that she would not be able to comply with the November 20, 2018, deadline based on

---

Defendant's Motion to Dismiss, the Court dismissed the prior Complaint because Plaintiff failed to properly allege that a right-to-sue letter was received within ninety days of filing the Complaint. *See* 17-cv-2144, d/e #11. Plaintiff's first action, therefore, was not dismissed for want of prosecution.

learning that Plaintiff is a debtor in a Chapter 13 bankruptcy. Exhibit 6, d/e #17-1. Plaintiff's counsel stated that she needed to obtain bankruptcy advice before taking further action in this civil case. Defense counsel replied that she did not agree and that she believed Plaintiff should file a motion with the Court. *Id.*

On November 20, 2018, Plaintiff filed a Motion for Extension of Time to Complete Discovery (#15). Plaintiff's Motion was granted on November 21, 2018, and the deadline to respond to written discovery was extended to November 30, 2018. On November 30, 2018, Plaintiff again moved to extend her deadline. (#16). This request was again granted on December 4, 2018, and Plaintiff's deadline to respond to written discovery was extended to December 10, 2018. Defense counsel indicates that Plaintiff failed to provide written discovery responses by the December 10, 2018, deadline. Plaintiff filed no further motions.

On January 4, 2019, the Court held another status conference. Plaintiff's counsel failed to appear for this call. Defense counsel indicated that no written discovery had been provided and that she has been waiting "almost six months" for written discovery responses. Defense counsel noted that, at this point, she would be filing a motion to dismiss for want of prosecution.

On February 6, 2019, Defendant filed the instant Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b). (#17). Defendant's Motion indicates that, at the time of the February 6, 2019, Motion, Plaintiff still had not responded to written discovery or contacted defense counsel.

On February 20, 2019, Plaintiff responded to the Motion to Dismiss (#19), and also filed a Declaration (#20). The Declaration states that the delay in providing responses to written discovery was attributable to Plaintiff's counsel's obligation to learn about how the Chapter 13 bankruptcy impacted Plaintiff's civil case. Plaintiff's counsel indicated that the delays were entirely attributable to her, including her failure to calendar the January 4, 2019, status conference.

The Declaration further stated that responses to Defendant's interrogatories were provided on February 20, 2019. Plaintiff's counsel noted that compliance with

3

Defendant's document production requests would be made after the Court entered a Protective Order.[2]

Plaintiff moved for the entry of a Protective Order on March 8, 2019. (#21). On March 21, 2019, Defendant filed an Objection (#22) to the proposed Protective Order. Defendant's objection indicates that Defendant believes that the Motion for Protective Order should be denied pending the resolution of the Motion to Dismiss. Defendant also indicates that, in the event that the Motion to Dismiss is denied, it will promptly participate in reviewing and preparing a joint protective order for the Court's consideration.

## II. Legal Standard

If Plaintiff fails to prosecute or comply with a Court Order, Defendant is permitted to move to dismiss the action or any claim against it. FED. R. CIV. P. 41(b). Dismissing a case for failure to prosecute under Rule 41(b) requires the district court "to assess, among other factors, the plaintiff's noncompliance with deadlines, the effect of that noncompliance on the court's calendar, prejudice to the defendant, and the merit of the lawsuit." *Momient v. Northwest Collectors, Inc.*, 666 Fed. Appx. 531, 535 (7th Cir. 2016). Also relevant to the determination is "the possible efficacy of lesser sanctions." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Id.*

However, "[t]he court should exercise this right sparingly and should dismiss a case under Rule 41 only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (citations omitted). Moreover, the Seventh Circuit has stated that the Court must issue an "explicit" warning, in every case, before dismissal is proper. *See Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); *See also Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857-858 (7th Cir. 1998) (noting that prior to *Ball* judges were not

---

[2] Plaintiff pointed out that the majority of documents Plaintiff requested also have not been produced, presumably due to lack of a Protective Order.

required to "fire a warning shot" before dismissing a case for want of prosecution, but that *Ball* established a "baseline rule that explicit warning must be given to plaintiff's counsel prior to dismissal.") It follows that "[t]he decision whether to grant a motion to dismiss for want of prosecution is committed to the district court's discretion." *Patterson v. Univ. of Chicago*, 2003 U.S. Dist. LEXIS 22768, *1 (N.D. Ill. 2003).

### III.    Analysis

In light of the facts outlined above, the Court will consider each factor that the Seventh Circuit has identified. First, as detailed extensively, Plaintiff has missed several discovery deadlines in this case. Plaintiff missed the initial deadline to respond to written discovery on July 16, 2018. Plaintiff did not provide the written discovery "within a week" after the August 7, 2018, status conference as she indicated she would. Plaintiff did not respond to the September or November written communications from defense counsel and failed to appear for a status conference at which the outstanding discovery was to be addressed. These factors would weigh in favor of granting Defendant's Motion to Dismiss.

However, the facts also show that Plaintiff was not completely non-compliant after the November 13, 2018, status conference. When Plaintiff determined that she would not be able to meet the November 20, 2018, deadline, she conveyed this to Defense counsel (Exhibit 6, d/e #17-1) and timely filed a Motion for Extension of Time (#15) asking the Court for additional time to complete discovery. Additionally, when Plaintiff realized she would not be able to comply with the Court's November 30, 2018, deadline, she again asked the Court for additional time. (#16). Thus, during this time period, Plaintiff was at least acknowledging the Court's deadlines and asking for extensions before the deadlines had passed.

Although Plaintiff did miss the December 10, 2018, deadline, counsel explains that she was attempting to determine how Plaintiff's Chapter 13 bankruptcy case impacted this civil action. While counsel should have communicated this concern both to Defendant and the Court, counsel's explanation shows that she was not willfully ignoring the Court's Orders or failing to respond to written discovery in bad faith.

Additionally, the Court notes that, while the interrogatory responses were exceptionally late, Plaintiff has now responded to written interrogatories, and indicates that she will provide documents in response to Defendant's request to produce upon the entry of a protective order.

Thus, while there is a clear record of "delay," there is not a clear record of "contumacious conduct." *Salata*, 757 F.3d at 699. Accordingly, the first factor, Plaintiff's non-compliance with deadlines, weighs equally in favor of granting and denying Defendant's Motion.

Turning to the second factor, the effect of non-compliance on the Court's calendar, Plaintiff's delay in providing written discovery responses has significantly slowed the progress of this case. As noted in the Court's May 23, 2018, Scheduling Order (#14), discovery in this case closed on January 7, 2019. Case dispositive motions should have been filed on February 7, 2019. These deadlines both expired before Plaintiff even answered written discovery, which was due originally on July 16, 2018. The Scheduling Order in this case will need to be reworked, including resetting the dispositive motion deadline, as well as the Final Pretrial Conference and Jury Trial dates due to Plaintiff's delays. This factor weighs in favor of dismissing the case.

Factor three, the prejudice to Defendant, weighs in favor of Plaintiff. Defendant's Motion to Dismiss (#17) does not allege that Defendant will suffer any prejudice from the Court's denial of the Motion to Dismiss beyond that the lawsuit will remain pending. Defendant's entire Motion is based on Plaintiff's unwarranted delays and failure to adhere to the Court's discovery schedule. The only "prejudice" that Defendant would suffer appears to be the delay itself, which is already addressed in factors one and two. The mere fact that the case has (and will) move more slowly than originally anticipated, by itself, is insufficient to demonstrate prejudice to Defendant.

The fourth factor, the merit of the lawsuit, appears to weigh in favor of Plaintiff. Plaintiff's Complaint (#1), alleges that Defendant violated her rights under Title VII (as well as Illinois law) based on her race and gender. There have been no allegations that Plaintiff's claims "lack merit." Plaintiff was issued a right to sue letter by the EEOC,

6

(Exhibit A, d/e #1-1), and Defendant filed no pre-discovery motions alleging that Plaintiff's Complaint is meritless. Thus, for the purposes of this Order, this factor weighs in favor of Plaintiff.[3]

Most importantly, the Court must consider "the possible efficacy of lesser sanctions" before dismissing Plaintiff's Complaint under Rule 41(b), or make an explicit finding as to why less drastic sanctions would not be appropriate. *Pendell*, 799 F.3d at 917. Additionally, only after Plaintiff has been "warned" that her non-compliance may lead to dismissal, can the Court impose such a draconian sanction. *Ball*, 2 F.3d at 755.

Here, Defendant has not asked for (and the Court has not imposed) any lesser sanctions for Plaintiff's discovery delays. As already noted, Plaintiff has now provided answers to interrogatories and has indicated that she will respond to the outstanding document production requests upon the entry of a protective order. Considering these circumstances, the Court believes that lesser sanctions are appropriate in this case, as discussed in greater detail below.

Moreover, the Court has not provided the "explicit" warning that Plaintiff's case may be dismissed for want of prosecution as required by the Seventh Circuit.[4] *Ball*, 2 F.3d at 755. While Defendant argues that Plaintiff was "warned" about the potential for dismissal (presumably through defense counsel's indication that she would file a motion to dismiss for failure to prosecute), the **Court** has not yet explicitly warned Plaintiff that

---

[3] The Court makes no findings on the merit of Plaintiff's lawsuit. For the purposes of this Order, the Court is considering whether Plaintiff's Complaint "has merit," as outlined by the Seventh Circuit, to determine whether the Complaint should be dismissed under Rule 41(b). *Momient*, 666 Fed. Appx. at 535.
[4] After reviewing the docket, the Court notes that it has not issued any warnings to Plaintiff regarding dismissal in any written orders. Furthermore, after reviewing the recordings of the status conferences in this case, dismissal for want of prosecution was not mentioned at the August 7, 2018, call, nor was dismissal mentioned at the November 13, 2018, call. During the January 4, 2019, call, at which Plaintiff's counsel was not present, Defendant did mention filing a motion to dismiss for failure to prosecute. The Court's only response was that the Court would "take a look at it once the deadline to respond has passed, and make whatever recommendations are necessary to Judge Bruce based on it." This is exactly what the Court is doing with this Report and Recommendation, and the Court's statement is not sufficient to serve as an "explicit" warning to Plaintiff that the Court may dismiss her case, especially considering that Plaintiff's counsel was not present on the call.

the sanction of dismissal may be imposed.[5] This Order should serve as that warning: further delays in this case due to Plaintiff's counsel's lack of diligence, as well as further failures to respond to attempts to meet and confer under Federal Rule of Civil Procedure 37, will result in the dismissal of this case. At this time, however, having not yet expressly warned Plaintiff and having not yet imposed lesser sanctions, the Court believes that dismissal is unwarranted.

The Court recognizes the numerous cases cited by Defendant indicating that dismissal under Rule 41(b) for the failure to respond to discovery requests is proper. These cases, however, are all fact dependent (as outlined above) and depend on a specific case-by-case analysis of the factors, as recognized by these very cases. *See Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1178 (7th Cir. 1987) (finding that it would likely be insufficient to dismiss a case based on failure to comply with one court order due to an unintentional mistake of an attorney); *See also Williams*, 155 F.3d at 858 (plaintiff's counsel received "numerous warnings that further dilatory behavior would result in dismissal. Moreover, prior to dismissal, the court imposed lesser sanctions against plaintiff, including a fine and the barring of some expert testimony, in an effort to curb plaintiff's counsel's behavior."); *Ball*, 2 F.3d at 755 (requiring an "explicit" warning in every case before dismissal); *Patterson*, 2003 U.S. Dist LEXIS at *7-9 (noting that defendant filed "a half-dozen motions to compel or dismiss for want of prosecution, so plaintiff had ample time to cure the dilatory behavior when responding to the previous motions.")

Defendant acknowledges that the Seventh Circuit has cautioned that a plaintiff should not suffer dismissal if the plaintiff's counsel is the cause for non-adherence to judicial process. *Ball*, 2 F.2d at 758. In such circumstances, the Seventh Circuit has noted that "a judge should give serious consideration to punishing the lawyer through a fine, an award of costs and attorney's fees to opposing counsel (the costs and fees to be paid

---

[5] If Defendant's position were accepted, defense counsel could put a plaintiff "on notice" by simply informing the plaintiff that the defendant intended to file a motion to dismiss for failure to prosecute. This is not what the Seventh Circuit intended, as is it not equivalent to an explicit warning from the Court that it is considering dismissing the case for failure to prosecute. *See Ball*, 2 F.3d at 755.

by the plaintiff's lawyer, not the plaintiff) pursuant to Fed. R. Civ. P. 16(f), a citation for contempt, and professional discipline, rather than punishing the plaintiff through dismissal of the suit. *Id.* This is because [d]isciplinary sanctions directed against the misbehaving lawyer "are likely to prove not only more just to the innocent client, but also more effective as a deterrent since they penalize the wrongdoer directly." *Id.*

Plaintiff's counsel has taken responsibility for the delays in this case. *See* Declaration of Katheryn E. Korn, d/e #20 (stating that it is her fault that the December 10, 2018, discovery deadline was missed and that she failed to properly calendar the January 4, 2019, status conference). After weighing the above factors, including that the Court has not yet warned Plaintiff of the possibility of dismissal or imposed any lesser sanctions, in accordance with the mandates of the Seventh Circuit, the Court believes it is necessary and proper to impose lesser sanctions on Plaintiff's counsel. Accordingly, Plaintiff's counsel (**not Plaintiff**) shall pay $1,000 to defense counsel as a sanction under Federal Rule of Civil Procedure 16(f) and Federal Rule of Civil Procedure 37(b)(2)(A), for her failure to abide by the Court's discovery plan, as well as her failure to properly meet and confer to attempt to resolve the ongoing issue of outstanding discovery. This sanction shall be paid directly to defense counsel within 30 days of the entry of this order to account for costs and fees incurred as a result of Plaintiff's counsel's delays. As noted above, this Order shall serve as Plaintiff's explicit warning from the Court: further delays in this case will not be tolerated and will result in the dismissal of this action.

As noted above, Plaintiff's delays have necessitated a new Scheduling Order in this case. Accordingly, the case is set for a Status Conference on April 15, 2019, at 10:30 A.M. by telephone from Urbana (Court will place call) before Magistrate Judge Eric I. Long. The parties are directed to meet and confer to draft a new proposed discovery schedule, which shall be filed on the docket on or before April 14, 2019. Failure to meet and confer to devise a discovery plan prior to the April 15, 2019, call, may result in additional sanctions.

As to the Protective Order, Plaintiff's Motion (#21) is granted. The Court, however, will not enter the proposed protective order at this time. The parties are directed to meet

and confer to reach an agreement on a proposed protective order by close of business April 8, 2019. The parties should then file the proposed order for the Court's consideration. In the event that the parties agree on the protective order that Plaintiff has proposed, the parties can notify the Court and the Court will enter Plaintiff's proposed order.

## II.     Conclusion

For these reasons, the Court recommends that Defendant's Motion (#17) be DENIED and that Plaintiff's counsel be sanctioned in the amount of $1,000 pursuant to Federal Rule of Civil Procedure 16(f) for her failure to follow the Court's discovery schedule and for her failure to adequately meet and confer pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Plaintiff's Motion for Protective Order (#21) is GRANTED. The parties shall meet and confer and propose a protective order to the Court by close of business April 8, 2019.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

This case is set for a Status Conference on April 15, 2019, at 10:30 A.M. The parties must devise and submit a new proposed scheduling order prior to this call.

ENTERED this 26th day of March, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
